UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE MONTGOMERY,

       Plaintiff,                     Case No. 03-70947
                                        Hon. Gerald E. Rosen

vs.

EMERGING TECHNOLOGIES CORPORATION,
*et al.*,

       Defendants.
_____/

## ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 16, 2006

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

Defendant DaimlerChrysler Corporation removed this case to this Court on the basis of a federal claim apparently asserted in Plaintiff Duane Montgomery's amended complaint — specifically, a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* Immediately following this removal, Defendant DaimlerChrysler and two of its officers named as defendants in Plaintiff's amended complaint, Wolfgang Bernhard and Dieter Zetsche, filed the present motions seeking the dismissal of Plaintiff's claim under the Michigan Antitrust Reform Act ("MARA"), Mich. Comp. Laws § 445.771 *et*

*seq.*[1]  Having reviewed these motions, Plaintiff's response, and the remainder of the record, the Court finds that oral argument would not significantly aid the decisional process, and that it is appropriate to decide Defendants' motions "on the briefs."  See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons set forth briefly below, the Court finds that Defendants' motions should be granted.

Plaintiff's various legal theories of recovery in this case arise from the difficulties he allegedly experienced after he entered into a contract with Defendant Emerging Technologies Corporation to provide programming and consulting services to Defendants DaimlerChrysler Corporation and DaimlerChrysler AG.[2]  These difficulties eventually led Plaintiff to look elsewhere for work opportunities.  In support of his claim under the MARA, Plaintiff alleges that Defendant DaimlerChrysler Corporation and two of its officers, Defendants Bernhard and Zetsche, conspired in restraint of trade with certain unnamed "major contracting firms" to prevent anyone who was working for DaimlerChrysler from obtaining work or business opportunities from these other unspecified "major contracting firms."  (Amended Complaint at ¶ 28.)

As Defendants point out in their present motions, these allegations are manifestly insufficient to state a claim under the MARA.  This statute prohibits a "contract,

---

[1] It appears from the amended complaint that this is the only claim asserted by Plaintiff against Defendants Bernhard and Zetsche, and Plaintiff does not dispute this point in his response to Defendants' motions.

[2] It does not appear that this latter entity has ever been properly served with the complaint in this case, either before or after removal to this Court.

combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market." Mich. Comp. Laws § 445.772. As noted by Defendants, the MARA further provides that the "[l]abor of a human being is not a commodity or an article of commerce." Mich. Comp. Laws § 445.774. It follows, then, that any alleged conspiracy to restrict employment opportunities would not run afoul of the MARA's "restraint of trade" provision. In addition, Plaintiff's amended complaint fails to identify the individuals or firms with which Defendants allegedly conspired, and thus lacks allegations in support of the "most basic element of a cause of action" under Michigan's antitrust statute — namely, a "combination of two or more entities." Desgranges Psychiatric Center, PC v. Blue Cross & Blue Shield of Michigan, 124 Mich. App. 237, 333 N.W.2d 562, 564 (1983) (internal quotation marks and citation omitted).

The materials accompanying Plaintiff's response to Defendants' motions do not overcome these deficiencies in pleading. In particular, Plaintiff cites electronic mail messages he exchanged with a recruiting firm in late September and early October of 2002 in his effort to find other business opportunities. Leaving aside the hearsay problems raised by these submissions,[3] these e-mail messages indicate only that the recruiting firm was reluctant to work with Plaintiff so long as he was still working at

---

[3]By submitting these materials, Plaintiff presumably invites the Court to treat Defendants' motions as seeking summary judgment under Fed. R. Civ. P. 56. Yet, it is well established that the Court cannot consider inadmissible evidence, such as the hearsay e-mail statements offered by Plaintiff here, in resolving a motion for summary judgment. See U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1189 (6th Cir. 1997) (explaining that "evidence submitted in opposition to a motion for summary judgment must be admissible").

3

DaimlerChrysler, as the recruiter also did business with DaimlerChrysler and did not wish to be seen as recruiting a worker away from one of its clients. This presumably is a sound and typical business practice of most recruiting firms, and nothing in Plaintiff's complaint suggests that the recruiting firm conspired with DaimlerChrysler or its officers to impose such a restriction on recruitment.[4] Thus, even assuming such a restriction might otherwise raise concerns under the MARA — and no such concerns are apparent to the Court — the materials offered by Plaintiff do not tend to show, or even suggest, the requisite combination between DaimlerChrysler or its officers and some other entity.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant DaimlerChrysler Corporation's motion to dismiss is GRANTED. IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Bernhard and Zetsche also is GRANTED.

Dated: March 16, 2006         s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2006, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager

---

[4] In addition, Defendants note that this restriction seemingly would not have applied to Plaintiff, because his assignment with DaimlerChrysler already had ended by the time he exchanged these e-mails with the recruiting firm.